**SULAIMAN LAW GROUP, LTD.**
**Mohammed O. Badwan**2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
mbadwan@atlaslawcenter.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| DINO SCARPA,<br><br>Plaintiff,<br><br>v.<br><br>iEnergizer, Inc., Sutherland Global Services, Inc., and First Contact, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (“FDCPA”), 15 U.S.C. § 1692 *ET SEQ.;***<br>**2. *;***<br>**3. VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (“ACFA”), PURSUANT TO A.R.S. § 44-1522 *ET SEQ*.;**<br>**4. TORT OF TRESSPASS TO CHATTELS;**<br>**5. TORT OF INVASION OF PRIVACY**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Plaintiff, DINO SCARPA, by and through his undersigned counsel, complaining of Defendants, iENERGIZER, INC., SUTHERLAND GLOBAL SERVICES, INC., and FIRST CONTACT, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. § 1692 *et seq*., tt, (, the Arizona Consumer Fraud Act (“ACFA”), pursuant to A.R.S. § 44-1522 *et seq.*, for Trespass to Chattels (“TTC”), and for Invasion of Privacy (“IOP”), stemming from Defendant’s unlawful conduct.

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the FDCPA and TCPA are federal statutes.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**PARTIES**

5. DINO SCARPA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Apache Junction, Arizona.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Defendants are third party vendors utilized by Credit One Bank, N.A. ("Credit One") to collect on accounts that are allegedly in default.

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of their business is the collection of debt owed to others.

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4559.

10. At all times relevant, Plaintiff was financially responsible for his cellular telephone and its services.

11. Plaintiff applied for credit cards with Credit One.

12. Upon approval for each card, Credit One Bank mailed Plaintiff two credit cards.

13. Plaintiff activated his credit cards and made charges on the credit card for personal and household purposes.

14. While Plaintiff initially made payments on his credit cards, the payments ceased due to a financial hardship and Plaintiff's accounts fell into default ("subject debt").

15. The subject debt is a "consumer debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal and household purposes.

16. Shortly after the payments ceased, Credit One Bank placed the subject debt with Defendants for collection.

17. In March of 2026, Plaintiff started to receive collection phone calls from entities purporting to be "Credit One Bank."

18. On multiple occasions, Plaintiff answered these collection calls and made verbal requests that the calls stop.

19. Despite Plaintiff's requests that the collection calls cease, the collection calls persisted.

20. In an effort to escape Defendants' harassing collection calls, Plaintiff would ignore the numbers that Defendants previously called from, only for Defendants to call from new numbers.

21. Plaintiff had no choice but to submit to Defendants' harassing collection calls.

22. In total, Defendants placed at least 193 harassing collection calls and texts on behalf of Credit One after Plaintiff requested that the collection calls cease from at least 34 different numbers purporting to be from "Credit One Bank."

23. Defendants would regularly place multiple calls per day, including weekends, to Plaintiff's cellular phone.

24. The phone calls were inherently harassing as Defendants would place multiple collection calls in the same hour.

25. Defendants' harassing conduct denied Plaintiff the ability to quietly enjoy his peace and solitude, as his life was constantly upended by Defendants' persistent and repeated collection

efforts.

26. Defendants' conduct caused Plaintiff damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendants placed a phone call to Plaintiff's cellular phone, Defendants occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

28. To date, Plaintiff has not received any written communications from Defendants regarding the subject debt.

**DAMAGES**

29. The harassing phone calls placed by Defendants have severely disrupted Plaintiff's everyday life and overall well-being.

30. The phone calls placed by Defendants have caused Plaintiff actual harm, including: aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Moreover, each time Defendants placed collection calls to Plaintiff, the calls

occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32. Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of 15 U.S.C. § 1692d**

34. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

35. Defendants violated 15 U.S.C. § 1692d(5) by repeatedly or continuously causing Plaintiff's cellular phone to ring with the intent to annoy, abuse, or harass Plaintiff.

36. The incessant collection calls placed by Defendants harassed Plaintiff on a daily basis.

37. The collection calls placed by Defendants were made with the specific intent of annoying, harassing, and abusing Plaintiff.

38. The fact that Defendants knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of the intent to harass and annoy Plaintiff.

39. Regulation F, a federal regulation promulgated under the FDCPA by the Consumer

Financial Protection Bureau ("CFPB"), creates a presumption that placing more than seven (7) collection calls in a seven (7) day period is harassing. 12 C.F.R. §1006.14(b)(2)(i) and (ii).

40. Defendants violated the FDCPA by repeatedly placing more than seven (7) collection calls in a seven (7) day period.

41. Moreover, Defendants violated §1692d(6) by falsely identifying themselves as "Credit One Bank" instead of identifying themselves by their real name. As set forth above, the FDCPA requires a debt collector to meaningfully disclose its identity to a consumer. By holding itself out as "Credit One Bank," Defendants failed to meaningfully disclosure their identities.

**b. Violation(s) of 15 U.S.C. § 1692e**

40. Section 1692e provides

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

41. Defendants violated §1692e(14) by using a name other than the true name of their business when they falsely held themselves out to be Credit One during phone calls with Plaintiff.

**c. Violation(s) of 15 U.S.C. § 1692g**

42. Section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

44. The validation notice provisions were included by Congress to ensure that consumers receive their dispute rights.

45. Defendants violated §1692g by failing to send Plaintiff the 30-day validation notice within five days of their first communication with Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendants violated 15 U.S.C. §§ 1692d(5), d(6), e(14) and g(a);

B. an award of actual damages sustained by Plaintiff as a result of the violations of the FDCPA;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of reasonable attorney's fees and costs as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II
## Violations of the Arizona Consumer Fraud Act

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as

though fully set forth herein.

48. Defendnats' collection calls to Plaintiff constitute "unlawful practice" as defined by ARS §44-1522 of the ACFA.

49. The ACFA states:

> The act, use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.
> Ariz. Rev. Stat. Ann. § 44-1522

50. Defendants violated § 44-1522 of the ACFA by repeatedly placing phone calls to Plaintiff to collect the subject debt, including calls that took place after Plaintiff requested that the calls cease.

51. The phone calls placed by Defendants to Plaintiff after Plaintiff requested that the calls cease demonstrate unfair conduct with the intent to harass Plaintiff.

52. Defendants violated § 44-1522 of the ACFA by using a name other than the true name of their business when they falsely held themselves out to be Credit One during phone calls with Plaintiff.

53. As set forth above, Plaintiff suffered damages as a result of aforementioned conduct.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendants violated the Arizona Consumer Fraud Act;

B. enjoining Defendants from placing further collection calls to Plaintiff,

C. an award of actual damages in an amount to be determined at trial;

D. an award of reasonable attorney's fees and costs in an amount to be determined;

E. an award of such other relief as this Court deems just and proper.

**COUNT III**
**TRESPASS TO CHATTELS**

1. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

2. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

3. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp*., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

4. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

5. Defendants interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

6. Moreover, as set forth above, each time Defendants placed a telephone call to Plaintiff, Defendants occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

7. As set forth above, Plaintiff was severely harmed by Defendants conduct.

**WHEREFORE**, the Plaintiff requests the following relief:

A. Enjoining Defendants from placing calls to Plaintiff,

B. an award of actual damages in an amount to be determined at trial;

C. an award of punitive damage in an amount to be determined at trial;

D. Award Plaintiff reasonable attorney's fees and costs;

E. an award of such other relief as this Court deems just and proper.

## COUNT IV
## INVASION OF PRIVACY-INTRUSION UPON SECLUSION

8. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

9. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

10. Defendants intrusive collection calls to Plaintiff in such excess were an intentional intrusion upon the Plaintiff's seclusion or solitude.

11. The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

12. A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, the Plaintiff requests the following relief:

a. Awarding Plaintiff actual damages;

b. Award Plaintiff punitive damages;

c. Award Plaintiff reasonable attorney's fees and costs;

d. Enjoining Defendants from contacting Plaintiff; and

e. Awarding any other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right**.**

Dated: September 30, 2026

Respectfully Submitted,

/s/ *Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbrooks@atlaslawcenter.com